[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: #129 AND #130
The court has considered the evidence from the August 15, 2002 hearing, the financial affidavits of the parties, and the Child Support Guidelines provided by the parties in making its findings. The plaintiff is a police officer who routinely works more than 52 hours a week. Pursuant to Child Support and Arrearage Guidelines Regulations Section46b-215a-1(11) (A) (ii), only 52 hours of work is includable in his gross income. The court finds his income for 52 hours to be $1,359.00. The plaintiff also has rental income of $100.00 a week. The court finds that the financial benefits, including reduced household expenses and tax savings, the plaintiff receives from living in his partially rented two-family home are equal to his expenses for the rental unit.
The defendant has a gross weekly income of $1,158.00 a week.
The court has utilized FinPlan and the Child Support Guidelines worksheet is attached. The court used insurance information from the guidelines provided. The defendant was given two children as dependents and a status of "Married, filing jointly." The plaintiff was given one child as a dependent and a filing status of "Single." One hundred dollars ($100.00) of the plaintiff's weekly income was entered as non-taxable.
Upon review of the financial affidavits submitted at the time of the entry of the current order, the court finds there has been a substantial change in the circumstances of both parties since the current support order of $237.00 per week was entered in 1997. This change in circumstances warrants the use of the presumptive support amount of $255.00 per week.
The plaintiff is ordered to pay child support to the defendant in the amount of $255.00 a week by immediate wage execution. The plaintiff is ordered to pay 40% of the qualifying child care cost incurred by the defendant. These orders are retroactive to August 15, 2002. CT Page 11944
Domnarski, J. CT Page 11945